**Larry N. POTTS, Plaintiff—Appellant,**

v.

**BOEING COMPANY, A Washington Corporation, Defendant—Appellee,**

**and**

**Rick Baker, Defendant.**

**No. 01–35601.**

**D.C. No. CV–00–0457–JCC.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Sept. 17, 2002.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before HALL, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Larry N. Potts ("Potts") appeals the district court's summary judgment order dismissing his claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), brought against his employer The Boeing Company ("Boeing"). Potts alleged (*inter alia*) hostile work environment, retaliation, and disparate treatment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The grant of summary judgment is reviewed de novo. *Clicks Billiards Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

whether the district court correctly applied the relevant substantive law. *Id.*

A hostile work environment exists when: (1) an individual is subject to verbal or physical conduct of a racial nature; (2) the conduct is unwelcome; (3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment; and (4) the employer knew or should have known about the harassment but failed to take reasonably prompt and adequately corrective action. *Fuller v. City of Oakland,* 47 F.3d 1522, 1527 (9th Cir.1995).

██ While Potts alleges three instances of unwelcome, distinctly racial, verbal abuse, his allegations that Boeing did not take reasonably prompt and adequately corrective action are plainly contradicted by the factual record. Boeing investigated every claim made by Potts, but found no corroborating evidence of racial animus. It is not clear what else Boeing could have done. Potts neither identifies specific deficiencies in Boeing's investigations, nor suggests how Boeing could have conducted its inquiries more effectively. Without any evidence of malfeasance by Boeing, and with only vague allusions of incompetence and complicity leveled by Potts, the district court did not err in concluding that Boeing took reasonably prompt and adequately corrective action whenever Potts alleged episodes of verbal abuse.

In order to make out a prima facie claim of retaliation under Title VII, the plaintiff must show that: (1) he was engaged in protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision. *Bergene v. Salt River Project Agric. Improvement & Power Dist.,* 272 F.3d 1136, 1141 (9th Cir.2001). "Thereafter, the burden of production shifts to the employer to present legitimate reasons for the adverse action. Once the employer carries this burden, plaintiff must demonstrate a genuine issue of material fact as to whether the reason advanced by the employer was a pretext. Only then does the case proceed beyond the summary judgment stage." *Brooks v. San Mateo,* 229 F.3d 917, 928 (9th Cir.2000).

██ The district court held that Potts failed to produce any evidence that: (1) a causal connection existed between the alleged retaliation and his EEO complaints; and (2) Boeing's articulated, nondiscriminatory reasons for its actions were pretextual. Although he engages in cursory speculation about his reprimand for an engine accident that occurred in 2000, Potts has adduced no evidence to establish the requisite causal connection. Furthermore, while Boeing wades through alleged instances of discrimination in detail, offering legitimate, nondiscriminatory reasons for its actions, at no point does Potts explain how (if at all) Boeing's asserted justifications are pretexual. In light of these argumentative and evidentiary lacunae, the district court did not err in concluding that Potts has failed to adduce sufficient evidence of retaliation to survive summary judgment.

Finally, a plaintiff alleging disparate treatment under Title VII must first establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). A prima facie case exists if a plaintiff shows that: (1) he is a member of a protected class; (2) an adverse employment action occurred; and (3) similarly situated individuals outside his protected class were treated more favorably. *Chuang v. Univ., of Cal.,* 225 F.3d 1115, 1123 (9th Cir.2000). If the plaintiff establishes his prima facie case, the burden shifts to the defendant to articulate legitimate, nondiscriminatory reasons for its actions; if such evidence is offered, the

plaintiff then "must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory." *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir.1994).

■ While Potts characterizes three employment actions taken by Boeing as "adverse," Boeing offers nondiscriminatory explanations for these actions. Not only has Potts failed to formulate pretext arguments on appeal, so too did he fail to raise such arguments before the district court. Given this failure of proof that Boeing's nondiscriminatory explanations are a pretext for discrimination, the district court did not err in granting summary judgment to Boeing on Potts' disparate treatment claim.

**AFFIRMED.**